FILED
2024 NOV 8 PM 12:07
CLERK
U.S. DISTRICT COURT

TRINA A. HIGGINS, United States Attorney (7349)
JOSEPH M. HOOD, Assistant United States Attorney (13536)
Attorneys for the United States of America
Office of the United States Attorney
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4279
Email:  joseph.hood@usdoj.gov

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DELYN W. ISOM,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 4:24-cr-00091-RJS-PK |

☐     The United States is not seeking detention.

☐     Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B)

(specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**
☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days.  18 U.S.C. § 3142(f).  During any such continuance, the defendant shall be detained.  *Id*.  The rules concerning the admissibility of evidence do not apply at the detention hearing.  *Id*.  The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.  *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

## Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☒ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

**SUMMARY OF FACTS**

On 08/06/2024 Delyn Isom ("ISOM") went to Cedar Post Pawn Shop located at 72 W State Street in Hurricane. While there he attempted to purchase a GForce Arms 12 gauge shotgun. Aaron Hamblin with Cedar Post Pawn assisted ISOM and provided him

with the ATF Form 4473 to fill out and complete. WCDTF Det. R. Erickson ("ERICKSON") reviewed the ATF Form 4473, which was completed by ISOM on 08/06/2024. ISOM completed it by providing his full name, address, SSN, DOB, and Utah driver's license number. While reviewing the form, ERICKSON observed that question 21a asked about whether the applicant was the actual purchaser of the firearm, to which ISOM checked "yes." ERICKSON observed that the remaining answers to questions was marked "no."  This included the question in 21i which asks "Are you subjection to a court order, including a Military Protection Order issued by a military judge or magistrate, restraining you from harassing, stalking, or threatening your child or an intimate partner or child of such partner?"

ERICKSON made contact with Cedar Post Pawn in regard to this purchase attempt. Staff was able to locate surveillance from the date that ISOM was in the store. ERICKSON was able to respond and view the surveillance. He recorded the surveillance using a body camera due to the system having difficulty exporting the video. In the surveillance ERICKSON observed a male matching Isom entering the store. He entered around 1021 hours on 08/06/2024. He later exited the store around 1044 hours. ERICKSON observed the clerk, Aaron Hamblin, assisting ISOM while he was in the store. ERICKSON observed as Hamblin provided ISOM with a laptop computer to complete the 4473 form. ERICKSON observed ISOM on the laptop for several minutes. ISOM appeared to be answering questions on the form through touching the screen. He then later gives the laptop back to Hamblin. He remains in the store for a short time while waiting for the approval.

ERICKSON spoke with Hamblin about the transaction. Hamblin confirmed to ERICKSON that Cedar Post utilizes the laptop for customers to complete the 4473. He stated that they do not fill out the 4473 for customers. Hamblin remembered giving ISOM the laptop to complete the form The process also included the person filling out the electronic form signing their actual signature using their finger or an electronic pen. ERICKSON reviewed a signature from a Rights, Instructions and Waiver and Right to Counsel form from a 2019 Washington County Justice Court case. That form had ISOM's name, address, and contact details. The signature on that form looked similar to the signature on the 4473 form.

### **Protective Order and Conviction for Violation of Same**

On 07/11/2023 a Protective Order was issued against ISOM. A hearing was held on 07/11/2023 at which ISOM was present. On 07/11/2024 ISOM was served with the Protective Order. The Protective Order expires on 07/11/2026. The Protective Order includes a Personal Conduct Order stating:

*Do not commit, try to commit or threaten to commit any form of violence against the Petitioner or any person listed on this order. This includes stalking, harassing, threatening, physically hurting, or causing any other form of abuse.*

On September 1, 2023, subsequent to the issue of the Protective Order, ISOM was charged by way of information with Violation of a Protective Order, a class A misdemeanor. On March 19, 2024, after a bench trial, at which he was present, ISOM was found guilty and convicted of Violation of a Protective Order as a class A misdemeanor. ISOM was sentenced to two days jail.

### Interview with ISOM

On 08/14/2024, ERICKSEN spoke with ISOM at his home in Hurricane. ISOM admitted to the attempted purchase. He told ERICKSEN he had ordered the gun from Palmetto and had it shipped to Cedar Post to pick up. He was denied when he went to pick up the gun.

ISOM stated he had been given a phone number to BCI and was told he had to complete a request for the reasons for the denial. ISOM told ERICKSEN at the time he attempted to pick up the gun he had a warrant that he has since handled with the court. ERICKSEN subsequently noted in his report that when he requested the packet from UCJIS there was no mention of a warrant.

ISOM denied completing the 4473 telling ERICKSEN that he did not complete any paperwork, either when he ordered the gun or tried to pick it up. He stated when picking up the clerk took his ID and ISOM never filled out anything. ISOM denied having any domestic violence convictions. He did admit to having a current protective order with his ex-wife. ISOM told ERICKSEN that he never had assaulted her. He also denied having a charge or conviction for violating a protective order.

### Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is:

☐ The victim(s) in this matter seek(s) a no contact order.

//
//

☒  This matter does not involve a victim requiring notification.

DATED this 8th day of November, 2024.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

_____
JOSEPH M. HOOD
Assistant United States Attorney